IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Glenn Wang,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No. CR-03-1619-TUC-CKJ<br>    CV-05-674-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's motion for time reduction by an inmate in federal custody pursuant to 28 U.S.C. §2255.[1]  For the reasons stated below, Petitioner's motion is denied.

**I. Background**

On October 20, 2005, following a plea of guilty to violating 21 U.S.C. §846, 841(a)(1) & (b)(1)(A) (Conspiracy to Possess with Intent to Distribute Marijuana), Petitioner was sentenced and was committed to the custody of the Bureau of Prisons for 12 months. Thereafter, Petitioner filed the instant motion pursuant to §2255.

---

[1] The Court has discretion to order the government to respond to a motion brought pursuant to § 2255 by a federal prisoner. *See* 28 U.S.C. § 2255.  The Court did not order the government to respond to Defendant's motion in this case.  However, the government does not waive its right on appeal to respond to arguments raised in a § 2255 motion if it is not ordered to respond by the district court.  *See United States v. Kaczynski*, 239 F.3d 1108, 1113 (9th Cir. 2001).

But for the plea agreement, Petitioner would have faced a maximum of 46 months under the Sentencing Guidelines. Further, as the Sentencing Guidelines are only advisory following the decision in *United States v. Booker*, 125 S.Ct. 738 (2005), Petitioner could have been sentenced to life imprisonment under the statutory provisions. However, pursuant to his plea agreement, Petitioner was ultimately sentenced to only 12 months imprisonment.

## II. Discussion

The Court may grant relief under §2255 if the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . " 28 U.S.C. §2255. A review of the petition shows that Petitioner gives no adequate basis to actually support the petition. A review of the sentencing transcript and the relevant record also shows that Petitioner is not entitled to relief. As the maximum statutory sentence was life imprisonment, the maximum Sentencing Guidelines sentence was 46 months, and Petitioner was sentenced to 12 months pursuant to the plea agreement, Petitioner's claim is simply without merit. In addition, the Court notes that it is well aware of the consequences of a 12 month and one day sentence versus a 12 month sentence. The Court purposely imposed the 12 month sentence, and there was no error in doing so; indeed, Petitioner has not shown that there was any error at sentencing. Lastly, Petitioner now requests a recommendation from the Court to the Bureau of Prisons allowing him to serve his time at Nellis Air Force Base in Nevada. Again, there is no basis for this request, it is untimely, and it is denied.

In addition, in his written Plea Agreement, Petitioner waived his right to bring the pending motion; nonetheless, Petitioner filed his petition in violation of the Plea Agreement. Specifically, the Plea Agreement states as follows:

> **The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.**

1 *See* Plea Agreement at 4(emphasis added).  The Ninth Circuit has held that a Petitioner, with
2 certain exceptions, may not challenge a non-constitutional sentencing error in an action under
3 § 2255 unless he or she previously raised the issue on direct appeal.  *United States v.*
4 *McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996).  A Petitioner may waive his right to appeal
5 in a plea agreement as long as he or she knowingly and voluntarily agrees to do so.  *United*
6 *States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  In addition, a defendant may
7 voluntarily waive the right to file a § 2255 petition.  *See  United States v. Abarca*, 985 F.2d
8 1012, 1014 (9th Cir. 1992), *cert. denied*, 508 U.S. 979 (1993).  Here, pursuant to the plea
9 agreement, Petitioner explicitly waived his right to appeal and to challenge his sentence
10 pursuant to §2255.
11     Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED as follows:
12 1.  Petitioner's Motion for Time Reduction by a Person in Federal Custody pursuant to 28
13 U.S.C. § 2255 is **DENIED**.
14 2.  This case is **DISMISSED WITH PREJUDICE**.
15 3. The Clerk of the Court shall **ENTER JUDGMENT** accordingly and **CLOSE ITS FILE**
16 in this matter.

        DATED this 16th day of November, 2005.

                              _____
                              Cindy K. Jorgenson
                              United States District Judge